UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WHITEVOID GMBH,<br><br>        Plaintiff,<br><br>  -against-<br><br>TRANSFIX PRODUCTIONS, LLC,<br><br>        Defendant. | 1:23-cv-05288 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff filed the Complaint on June 22, 2023. *See* ECF No. 1 ("Compl."). Plaintiff asserts that jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. *See id.* ¶ 8. The Complaint alleges that Plaintiff is "a Gesellschaft mit beschränkter Haftung (company with limited liability) under the laws of Germany, with its principal place of business in Berlin, Germany." *Id.* ¶ 5. The Complaint alleges that Defendant is "a limited liability company organized under the laws of New York, with its principal place of business in Dobbs Ferry, New York." *Id.* ¶ 6. It further alleges that, on information and belief, Defendant's only member, Michael Blatter, is domiciled in New York. *Id.*

  For purposes of diversity jurisdiction, a limited liability company is deemed to be a citizen of each state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). That means that, "if any of an LLC's members are themselves noncorporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020). The place of incorporation and principal place of business of a limited liability company is not relevant to

determining citizenship for diversity jurisdiction. *See Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004) (allegations of a limited liability company's "principal places of business are irrelevant to diversity analysis"). In the present case, Plaintiff has not alleged facts sufficient to state its citizenship.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall, no later than **July 10, 2023**, file a letter, supported by one or more sworn affidavits, that provides the necessary prerequisites for the Court to exercise subject-matter jurisdiction in this case, including by alleging the identity and citizenship of all of Plaintiff's members or else showing why Plaintiff's citizenship should be determined differently than a limited liability company. If, by that date, Plaintiff is unable to allege complete diversity of citizenship, the action may be dismissed for lack of subject-matter jurisdiction without further notice to the parties.

SO ORDERED.

Dated: June 26, 2023
      New York, New York

JENNIFER L. ROCHON
United States District Judge